UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE №: 3:21-cr22(S2)-MMH-MCR

UNITED STATES OF AMERICA,

v.

MATTHEW RAYMOND HOOVER,

_____/

## MOTION TO SEVER TRIAL

Pursuant to Federal Rule of Criminal Procedure 14, Defendant Matthew Raymond Hoover ("Defendant") respectfully moves this Court to sever the trial between him and his co-defendant Kristopher Ervin. In support of this Motion, Defendant states:

### I. LEGAL STANDARDS

Admittedly, "[t]he general rule is that 'defendants who are indicted together are usually tried together.'" *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007); *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). However, Rule 14(a) of the Federal rules of Criminal Procedure allows for severance "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14. To

1

justify severance, a defendant must carry the "burden of demonstrating [that] compelling prejudice" would result from a joint trial. *Browne*, 505 F.3d at 1268 (quotation marks omitted); *see also United States v. Cassano,* 132 F.3d 646, 651 (11th Cir. 1998); *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997); *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993).

In assessing the merits of a severance motion under Rule 14, the district court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy. *Hill*, 643 F.3d at 828; *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997); *United States v. Eyster*, 948 F.2d 1196, 1213-14 (11th Cir. 1991); *see also Zafiro*, 506 U.S. at 537.

Under Rule 14, severances must be granted where there is a risk that a joint trial would either "compromise a specific trial right of one of the defendants" or "prevent the jury from making a reliable judgment about guilt or innocence," even where limiting instructions are given. *United States v. Thompson*, 422 F.3d 1285, 1292 (11th Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539); *Browne*, 505 F.3d at 1269. Motions to sever may also be granted for prejudicial reasons when there is a complex case involving different degrees of culpability amongst the co-defendants. *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946). One basic reason is the "spill over" effect found in trial involving more than one defendant. Such a "spill over" is widely recognized

2

both as to offenses and defendants. Invariably, the evidence against separate defendants will have a different probative value as to each individual defendant. "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." *Zafiro*, 506 U.S. at 539 (1993).

In a conspiracy case such as this one, the evidence against one defendant may be far greater than as against another. The jury may be unable to separate the relative innocence or guilt among the defendants charged. This confusion may result in a conviction, not on the basis of the evidence relating to one defendant, but by imputing to that defendant guilt based on the activities of the other alleged conspirator. *United States v. Tolliver*, 541 F.2d 958, 962 (2nd Cir. 1976). Even where joinder of defendants or counts is technically proper, severance is required when it is necessary to safeguard the defendant's right to a fair trial. *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983).

Because "joint trials . . . carry substantial risks of manifest unfairness . . . the major burden falls upon the shoulders of the trial judge, since it is he [or she] who must be constantly aware of the possibilities of jury confusion and guilt by implication and continually vigorous in his [or her] efforts to forestall those effects." *United States v. McLaurin*, 557 F.2d 1064, 1074 (5th Cir. 1977).

Furthermore, it is proper to conduct separate trials where highly prejudicial evidence will be introduced against some, but not all of the co-defendants. *United States v. Berining*, 70 F.3d 850, 853 (6th Cir. 1995).

## II. THE INDICTMENT

On January 26, 2022, Defendant, who is a citizen of the Village of Coloma in the State of Wisconsin, and his co-defendant Kristopher Ervin were charged one count of a violation of 18 U.S.C. 371 and six counts of violating 26 U.S.C. §§ 5861(e) & 18 U.S.C. § 2. *See* ECF. 57 at ¶¶ 2; 5 – 7. The charge alleging a violation of 18 U.S.C. 371 alleges an array of non-substantive overt acts—mostly consisting of "video[s] created by HOOVER . . . posted to the YouTube channel CRS Firearms [and raising money for Mr. Ervin's defense]. In the video[s], . . . HOOVER promoted the sale of the Auto Key Cards."

Skipping the structuring charges for a moment, in Counts 15 – 17 of the Indictment, Kristopher Ervin individually was charged with three counts of possessing a "machinegun conversion device" in violation of 26 U.S.C. §§ 5861(d) & 5871. For purposes of this Motion, Counts 1 – 7 and Counts 15 – 17 are hereinafter referred to as the "Gun Charges".

The Gun Charges depend on whether the Auto Key Cards—which as pled are "cards machined from stainless steel, into which were etched the design for

4

machinegun conversion devices" are machineguns under 26 U.S.C. § 5845 and 5845(b).

Absent and apart from the Gun Charges, co-defendant Kristopher Ervin was charged individually with several structuring charges—those being a violation of 31 U.S.C 5324(a)(1) and (d) in Count 8 and violations of 31 U.S.C 5324(a)(3) and (d)(1) in Counts 9 – 14 (the "Structuring Charges"). They broadly allege that Mr. Ervin "cause[d] a domestic financial institution to fail to file a report under 31 U.S.C. § 5313(a) . . . [and] structure[d]" eight cash withdrawals from banks in Orange Park and Fleming Island.

### III. ARGUMENT:

Rule 14(a) provides that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials[.]" A "District Court confronted with a Rule 14 [m]otion for [s]everance is required to balance any . . . prejudice [to the defendants] against the interests of judicial economy[.]" *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004) (internal citation omitted). Because "joint trials . . . carry substantial risks of manifest unfairness . . . the trial judge . . . must be constantly aware of the possibilities of jury confusion and guilt by implication and continually vigorous in his [or her] efforts to forestall those effects." *Mclaurin*, 557 F.2d at 1074.

Severance is mandated where a "where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant" and a joint trial will "prevent the jury from making a reliable judgment about guilt or innocence[.]" *Blankenship*, 383 F.3d at 1123. In a run of the mill case, strong jury instructions specifying the defendants against whom certain evidence may be considered would be adequate to ensure the jury compartmentalizes the evidence as to each defendant. *Id*.

But this is far from a run of the mill case; this trial will take multiple weeks for the Government's and defense's cases to be completed, during which exceptionally complex firearm engineering concepts and complicated questions of tax law beyond the everyday understanding of the average juror will pervade the trial. The potential for jury confusion in the case charged by the government is already high. Adding the sideshow contained in the Structuring Charges will transform that potential risk into a palpable reality during trial, and would likely lead to a mistrial as to Mr. Hoover.

Specifically, the Government has made clear its intent to introduce evidence of the alleged structuring crimes that Mr. Ervin was charged with. As to Mr. Hoover—who was not charged with anything related to financial transactions—that evidence will be non-probative, yet highly prejudicial. *See United States v. Eiland*, 406 F. Supp.2d 46, 51 (D.D.C. 2005) ("Even though

6

joinder generally is preferred in conspiracy trials, courts have expressed concern for the prejudice inherent therein, and the risk may be greater when the conspiracy alleges disparate crimes and smaller sub-conspiracies."); *United States v. Butler*, 494 F. 2d 1246, 1255-57 (10th Cir. 1974) (variance between an indictment alleging one general conspiracy and evidence showing the existence of three conspiracies was harmful error with respect to the defendant who was not connected with all three conspiracies; that defendant was entitled to have the proceedings against him severed from proceedings involving conspiracies to which he was not connected).

Indeed, the Government's claim that Mr. Ervin allegedly structured transactions will necessarily taint the jury's perception of Mr. Hoover and his state of mind with respect to the Gun Charges. *See Krulewitch v. United States*, 336 U.S. 440, 454 (1949) ("It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.") (Jackson, J., concurring); *United Kahn*, 381 F.2d. 824, 839 (7th Cir. 1967) ("It can readily been seen . . . that a conspiracy trial creates real and serious possibilities of confusion in the jury, which may indulge in unwarranted imputations of guilt, particularly where the evidence is complex . . . and where there are many defendants."); *United States v. Marshall*, 173 F.3d 1312, 1317 n. 11 (11th Cir. 1999) (vacating

convictions where evidence against two co-defendants was improperly introduced under rule 404(b), and recognizing that improperly admitted evidence was "potentially prejudicial" to a third co-defendant "due to his association with" the other two co-defendants to whom the evidence did apply).

With respect to the Structuring Charges, the jury will likely believe that Mr. Hoover knew (or must have known) about the alleged financial transactions, but did nothing to prevent it. And a jury will simply not be able to keep track of which evidence is being offered with respect to the Gun Charges and Structuring Charges—particularly given the mountain of evidence that will be presented during a complex multi-week trial. *See United States v. Harris*, 458 F.2d 670, 673 (5th Cir. 1972) ("[A]s a practical matter, the nature[ ] of . . . the evidence [is] of such a character or [is] so complicated that a jury could not reasonably be expected to separate . . . the defendants and . . . evaluate the evidence properly and individually against each. . ."); *Drew v. United States,* 331 F.2d 85, 92 (D.D.C. 1964) ("If . . . it appears . . . that there is a possibility that the jury will become or has become confused, then, upon proper motion, the trial judge should order severance.").

As acknowledged by the Eleventh Circuit, severance is mandatory where a "case is far too extensive and intricate to expect that a jury would be able to discern the myriad of subtle distinctions and mental gyrations that would be

8

required by the inevitable plethora of limiting instructions necessary." *Blankenship,* 382 F.3d at 1124 (quoting *United States v. Gallo,* 668 F. Supp. 736, 753 (E.D.N.Y. 1987)). Any limiting instructions advising the jury for which purposes it can consider various pieces of evidence that relate to Messrs. Hoover and Ervin will be lost on the jury when it ultimately retires to deliberate after a multi-week trial.

Finally, the evidence that the Government will use to buttress the Structuring Charges will be highly prejudicial to Mr. Hoover. The alleged structuring of Mr. Ervin's banking transactions will inevitably bleed over into the jury's analysis of the Gun Charges, *i.e.*, they may ask themselves whether Mr. Ervin was allegedly hiding the movement of money because the Auto Key Card is an illegal machinegun and both defendants perceived it as such—which would wildly prejudice Mr. Hoover in his defense given that scienter is an element of the offenses that Mr. Hoover is charged with. Evidence relating to alleged structuring of financial transactions should not be injected into a complex joint trial where a co-defendant is not alleged to have had any involvement with that conduct.

Severing Mr. Hoover from this joint trial will significantly reduce the overall length of the trial, result in substantial costs savings, and preserve judicial resources. One less defendant in a joint trial where the

9

Government's case-in-chief will last several weeks will mean one less attorney objecting to evidence and conducting cross-examination of various witnesses, which otherwise would consume time. Moreover, Mr. Hoover intends to put on a significant defense case-in-chief. Accordingly, severing Mr. Hoover from this joint trial, and trying him in a separate trial will be more efficient.

To avoid a mistrial, the Court should sever Mr. Hoover from this joint trial. As it stands, this trial will be very complex and difficult for jurors to understand. Injecting multiple disparate charges will prevent the jury from understanding the evidence as it will apply to Mr. Hoover, mislead them, and result in their inability to compartmentalize the evidence that pertains to him.

**WHEREFORE**, Defendant Matthew Raymond Hoover respectfully requests that the Court sever him from the joint trial, and for any further relief that this Court deems just and proper.

DATED: June 21, 2022

_Zachary Z. Zermay_  
Zachary Z. Zermay, Esq.  
1762 Windward Way  
Sanibel, FL 33957  
Email: zach@zermaylaw.com  
Telephone: 239-699-3107  
*Lead Counsel for Defendant*

/s/Matthew Larosiere_____  
Matthew Larosiere  
6964 Houlton Circle  
Lake Worth, FL 33467  
Email: larosieremm@gmail.com  
Telephone: 561-452-7575  
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 21, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay, Esq.