UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE №: 3:21-cr22(S2)-MMH-MCR

UNITED STATES OF AMERICA,

v.

MATTHEW RAYMOND HOOVER,

_____/

## MOTION TO FOR LEAVE TO FILE REPLY TO OPPOSITION TO MOTION TO DISMISS

Pursuant to Local Rule 3.01(d), Defendant Matthew Raymond Hoover ("Defendant") respectfully moves this Court for leave to file a reply to the Government's opposition to his motion to dismiss. Defendant states:

**I. ARGUMENT**

First, a reply to the opposition is needed in this matter to respond to the Government's argument regarding the applicability of a "plus factor" in the determination of whether a single "part" constitutes a machinegun as opposed to a "combination of parts." This is necessary considering the Government's argument and the language of the Indictment describing the Auto Key Cards as "cards machined from stainless steel into which were etched were design for machinegun conversion devices known as lightning links[.]"

Defendant needs to articulate the nuance stemming the fact that, as pled, the Auto Key Card is not a "combination of parts designed and intended[]

1

for use in converting a weapon into a machinegun," but merely a single "part" which must be "designed and intended solely and exclusively . . . for use in converting a weapon into a machinegun" and thus require the "plus factor."

Second, a reply to the opposition is required because our Supreme Court has recently issued its landmark decision regarding federal bureaucrats ability to rule by administrative fiat. To wit, there must be thorough briefing regarding *West Virginia v. Environmental Protection Agency*, 597 U.S. \_\_\_ (2022). That opinion impacts this case as it relates to Defendant's argument that "the wholesale felonization of the peaceable possession of an entire category of arms . . . [by way of] an administrative agency's unilateral declaration that an alleged drawing of a component . . . is the component itself" is not Constitutionally kosher.

The Government has argued that its decree that the tchotchke at issue is a machinegun was not promulgated by "an unelected bureaucrat" but instead by an Byzantian "ATF expert[.]" The constitutional paradigm stemming from the confluence of *West Virginia v. Environmental Protection Agency* and *New York State Rifle & Pistol Assn., et al. v. Bruen*, 597 U.S. \_\_ (slip op., 2022), and the Second Amendment's "unqualified command" that "the right of the people to keep and bear arms, shall not be infringed" needs to be briefed.

Third, Defendant needs to address that the Government has failed to demonstrate that there was an analogous federal restriction deeply rooted in American history evinced by historical materials contemporaneous with the adoption of the Bill of Rights in 1791. *Bruen*, 597 U.S. at *29. While it has pointed to *State v. Langford*, 3 Hawks 381, 383 (NC 1824), Defendant needs to parse the nuance regarding the fact that *Langford*, which is a vestige of the statute of Northampton (as was thoroughly discussed in *Bruen*: (1) pertains to a state law as opposed to federal, (2) is temporally irrelevant, and (3) concerns the **carrying** of dangerous and unusual weapons, **in such a manner** as will naturally cause a terror to the people—not the wholesale prohibition of such alleged arms. Further, Defendant needs to explain the ramifications of (4) the Government's failure to produce any other authority to meet its burden to demonstrate that the National Firearms Act of 1934 is constitutional by way of citing analogous authority to show that the law is deeply rooted in American history as evinced by historical materials contemporaneous with the adoption of the Bill of Rights in 1791 shows that it is unable to do so. *Bruen*, 597 U.S. at *29.

**WHEREFORE**, Defendant Matthew Raymond Hoover respectfully moves this Court for leave to file a ten-page reply to the Government's opposition to his Motion to Dismiss.

|  | DATED: August 4, 2022 |
|---|---|
| _Zachary Z. Zermay, Esq._ | /s/Matthew Larosiere |
| Zachary Z. Zermay, Esq. | Matthew Larosiere, Esq. |
| 1762 Windward Way | 6964 Houlton Circle |
| Sanibel, FL 33957 | Lake Worth, FL 33467 |
| Email: zach@zermaylaw.com | Email: larosieremm@gmail.com |
| Telephone: 239-699-3107 | Telephone: 561-452-7575 |
| *Lead Counsel for Defendant* | *Counsel for Defendant* |

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant hereby certifies that he has conferred with the Government before filing this Motion. The Government has indicated that it takes no position regarding it.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_Zachary Z. Zermay, Esq._