UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE №: 3:21-cr22(S2)-MMH-MCR

UNITED STATES OF AMERICA,

v.

MATTHEW RAYMOND HOOVER,
_____/

### MOTION TO FOR LEAVE TO FILE REPLY TO OPPOSITION TO MOTION TO SEVER TRIAL

Pursuant to Local Rule 3.01(d), Defendant Matthew Raymond Hoover ("Defendant") respectfully moves this Court for leave to file a reply to the Government's opposition to his motion to sever trial. Defendant states:

### I. ARGUMENT

A reply to the opposition is needed to address several admissions the Government has made. To wit, it has conceded that "[t]he [alleged] fact that Ervin chose to operate his business on a cash basis is evidence of <u>his</u> state of mind and consciousness of guilt. The fact that Ervin structured withdrawals of proceeds of <u>his</u> Auto Key Cards sales in order to avoid the filing of currency transaction reports is further evidence of <u>his</u> desire to avoid government scrutiny of his illicit business." There is no suggestion that the Government intends to solicit testimony (or has any evidence that) Defendant Hoover had

1

any knowledge of—let alone criminal intent—with respect to Ervin's Structuring Charges.

Indeed, the Government has given away the fact that it intends to bootstrap and weaponize the Ervin's alleged Structing Charges and the United States Dollar against Defendant by writing that "Defendant's acceptance of cash payments sent through the mail is evidence of his awareness of the illegality of his actions in furtherance of the conspiracy – and his desire to conceal them."

By arguing as such, the Government suggest that the alleged acceptance physical currency is now evidence of criminal intent—and Defendant now needs to brief how that is not only incredibly prejudicial, not probative in the slightest, but also completely irrelevant. *See United Kahn*, 381 F.2d. 824, 839 (7th Cir. 1967) ("It can readily been seen . . . that a conspiracy trial creates real and serious possibilities of confusion in the jury, **which may indulge in unwarranted imputations of guilt**, particularly where the evidence is complex . . . and where there are many defendants.") (emphasis added); *Krulewitch v. United States*, 336 U.S. 440, 454 (1949) ("It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.") (Jackson, J., concurring); *United States v. Marshall*, 173 F.3d 1312, 1317 n. 11 (11th Cir.

2

1999) (vacating convictions where evidence against two co-defendants was improperly introduced under rule 404(b), and recognizing that improperly admitted evidence was "potentially prejudicial" to a third co-defendant "due to his association with" the other two co-defendants to whom the evidence did apply).

**WHEREFORE**, Defendant moves this Court for leave to file a ten-page reply to the Government's opposition to his motion to sever trial.

DATED:  August 4, 2022

| | |
|---|---|
| *(signature)* | /s/Matthew Larosiere_____ |
| Zachary Z. Zermay, Esq. | Matthew Larosiere, Esq. |
| 1762 Windward Way | 6964 Houlton Circle |
| Sanibel, FL 33957 | Lake Worth, FL 33467 |
| Email: zach@zermaylaw.com | Email: larosieremm@gmail.com |
| Telephone: 239-699-3107 | Telephone: 561-452-7575 |
| *Lead Counsel for Defendant* | *Counsel for Defendant* |

## LOCAL RULE 3.01(g) CERTIFICATION

Defendant hereby certifies that he has conferred with the Government before filing this Motion. The Government has indicated that it takes no position regarding it.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  August 4, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*(signature)*
Zachary Z. Zermay, Esq.