FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2022 AUG 31 PM 2: 40
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.                                                    CASE NO.  3:21-cr-22(S3)-MMH-MCR
                                                              18 U.S.C. § 371
KRISTOPHER JUSTINBOYER ERVIN                                  26 U.S.C. § 5861(e)
MATTHEW RAYMOND HOOVER                                        31 U.S.C. § 5324(a)(1)
                                                              31 U.S.C. § 5324(a)(3)
                                                              26 U.S.C. § 5861(d)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy)

### A.  Introduction

At all times material to this Indictment:

1.      KRISTOPHER JUSTINBOYER ERVIN was a resident of Clay

County, Florida, within the Middle District of Florida.  Free Speech Industries LLC

was a Florida Limited Liability Company incorporated by ERVIN on or about

January 26, 2021.  ERVIN operated the web domains www.autokeycard.com and

www.autokeycards.com on which he advertised for sale products that he referred to

as Auto Key Cards.

2.      MATTHEW RAYMOND HOOVER was a resident of Coloma,

Wisconsin, and operated a retail store in Coloma called Coloma Resale.  Coloma

Resale was a federally licensed firearms dealer and held a special occupation tax

license.  HOOVER also operated a content channel on YouTube called CRS Firearms.

3.      Auto sears were a category of machinegun conversion devices that may be installed into an otherwise semi-automatic AR-15 type rifle and function to convert the AR-15 type rifle to fire more than one shot by a single function of the trigger.  A lightning link was a particular design of auto sear.

4.      The Auto Key Cards designed and sold by ERVIN consisted of cards machined from stainless steel, into which were etched the design for machinegun conversion devices known as lightning links, which constituted machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b) in that they are a combination of parts designed and intended for use in converting a weapon into a machinegun.

## B.  The Conspiracy

5.      Beginning in or about October 2020, and continuing through at least July 2021, in the Middle District of Florida, and elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the grand jury, to commit offenses against the United States, specifically, to transfer firearms, that is, machinegun conversion devices each consisting of a combination of parts designed and intended for use in converting a weapon into a machinegun, constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), which firearms were not then registered

2

in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841, in violation of 26 U.S.C. §§ 5861(e) & 5871.

## C.  Manner and Means

6.      The manner and means by which the conspirators carried out the conspiracy included, among other things:

a.      It was part of the conspiracy that ERVIN would and did operate the websites www.autokeycard.com and www.autokeycards.com, which were e-commerce portals on which ERVIN advertised Auto Key Cards for sale.

b.      It was further part of the conspiracy that ERVIN, and others assisting him with his Auto Key Cards business, would and did receive orders for Auto Key Cards directly from the websites www.autokeycard.com and www.autokeycards.com as well as through a mail-in order form that was available on those websites.

c.      It was further part of the conspiracy that ERVIN, and others assisting him with his Auto Key Cards business, would and did fulfill orders for Auto Key Cards by shipping those items via the U.S. Mail from the Middle District of Florida, resulting in the transfer of Auto Key Cards to ERVIN's customers.

d.      It was further part of the conspiracy that HOOVER would and did create videos posted to the CRS Firearms YouTube channel in which HOOVER promoted the sale of Auto Key Cards.

e.　　It was further part of the conspiracy that sales of ERVIN's Auto Key Cards would and did increase substantially as a result of HOOVER's promotion of the sale of Auto Key Cards.

f.　　It was further part of the conspiracy that ERVIN would and did compensate HOOVER for his promotion and sponsorship of Auto Key Cards on HOOVER's CRS Firearms YouTube channel by shipping U.S. currency and other items of value to HOOVER and HOOVER's designees.

g.　　It was further part of the conspiracy that the conspirators would and did engage in acts and make statements to promote and achieve the objects of the conspiracy and to hide and conceal the purposes of the conspiracy and the acts committed in furtherance thereof.

### D.  Overt Acts

7.　　In furtherance of the conspiracy and to effect the objects thereof, the defendants and other conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

a.　　Beginning in or about October 2020, ERVIN retained a machine shop in Orange Park, Florida, to manufacture approximately 300 prototype Auto Key Cards.

b.　　On or about November 4, 2020, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "Is this An ATF Trap And How Does It Work," HOOVER described how to order an Auto Key Card and further described

4

how to cut the lightning link from the Auto Key Card and install it into an AR-15 style rifle, thus converting the AR-15 style rifle into a machinegun.

c.  On or about November 11, 2020, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "The Parts The ATF Wishes Never Existed," HOOVER discussed various methods for manufacturing a machinegun or silencer, including the Auto Key Card, which HOOVER described as the sponsor of his video.

d.  On or about November 30, 2020, ERVIN would and did conduct a withdrawal in the amount of $5000 in U.S. currency, consisting of proceeds of sales of Auto Key Cards, at Community First Credit Union in Orange Park, Florida, within the Middle District of Florida.

e.  On or about November 30, 2020, ERVIN ordered approximately 1400 Auto Key Cards from the Orange Park machine shop, for which he paid approximately $3230 using U.S. currency.

f.  On or about November 30, 2020, ERVIN purchased a Louis Vuitton brand handbag and keychain using approximately $1958 in U.S. currency, which he provided to HOOVER and HOOVER's designee as compensation for HOOVER's

5

promotion of Auto Key Cards on the CRS Firearms YouTube channel.

g.  On or about December 4, 2020, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "How to Make Body Armor Fail," HOOVER described autokeycards.com as the sponsor of his video and promoted sales of Auto Key Cards.

h.  On or about December 9, 2020, ERVIN purchased approximately $841 of video production equipment, which ERVIN had shipped to the residence of HOOVER and E.I. as compensation for HOOVER's promotion of Auto Key Cards on the CRS Firearms YouTube channel.

i.  On or about December 15, 2020, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "How To Buy A Truly Untraceable Firearm," HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

j.  On or about December 28, 2020, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "This Is A Strange Turn Of Events," HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

6

k.  On or about December 30, 2020, a video created by HOOVER
was posted to the YouTube channel CRS Firearms.  In the video,
titled "The Real Difference Between The Two Platforms,"
HOOVER described autokeycards.com as the sponsor of his
video and promoted sales of Auto Key Cards.

l.  On or about January 8, 2021, a video created by HOOVER was
posted to the YouTube channel CRS Firearms.  In the video,
titled "This Makes an illegal Machine gun," HOOVER described
autokeycard.com as the sponsor of his video and promoted sales
of Auto Key Cards.

m.  On or about January 12, 2021, a video created by HOOVER was
posted to the YouTube channel CRS Firearms.  In the video,
titled "The Great Purge," HOOVER described autokeycard.com
as the sponsor of his video and promoted sales of Auto Key
Cards.

n.  On or about January 15, 2021, ERVIN ordered approximately
1200 Auto Key Cards from the Orange Park machine shop, for
which he paid approximately $3600.

o.  In or about a date in February 2021, ERVIN ordered
approximately 2400 Auto Key Cards from the Orange Park
machine shop, for which he made a down payment of
approximately $5000.

7

p.  On or about February 6, 2021, ERVIN withdrew $5000, representing sales proceeds from Auto Key Cards, at Community First Credit Union in Orange Park, Florida, within the Middle District of Florida.

q.  On or about February 7, 2021, ERVIN shipped a package via UPS Next Day Air to the residence of HOOVER, which package contained U.S. currency and other items of value to compensate HOOVER for his promotion of Auto Key Cards on the CRS Firearms YouTube channel.

r.  On or about February 16, 2021 a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "Important Development," HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

s.  On or about February 17, 2021, ERVIN shipped a package via FedEx Priority Overnight to the residence of HOOVER, which package contained U.S. currency and other items of value to compensate HOOVER for his promotion of Auto Key Cards on the CRS Firearms YouTube channel.

t.  On or about February 18, 2021, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "Leveling The Scope To The Rifle Is A Waste Of Time,"

HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

u.   On or about February 23, 2021, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "Unexpected Ammunition Problems," HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

v.   On or about February 25, 2021, a video created by HOOVER was posted to the YouTube channel CRS Firearms.  In the video, titled "ATF Reclassification On H&K Clones," HOOVER described autokeycard.com as the sponsor of his video and promoted sales of Auto Key Cards.

w.   On or about the dates specified in the chart below, each of which constitutes a separate overt act, ERVIN, and others assisting him with his Auto Key Cards business, fulfilled orders for Auto Key Cards by shipping and transferring Auto Key Cards from the Middle District of Florida to purchasers via the U.S. Mail:

| OVERT ACT | DATE | INITIALS OF PURCHASER |
|---|---|---|
| w1 | November 14, 2020 | D.S. |
| w2 | November 30, 2020 | J.M. |
| w3 | December 12, 2020 | R.D. |
| w4 | December 16, 2020 | S.D. |
| w5 | December 23, 2020 | J.A. |
| w6 | January 17, 2021 | R.W. |

| OVERT ACT | DATE | INITIALS OF PURCHASER |
|---|---|---|
| w7 | February 1, 2021 | A.O. |

x.   On or about March 30, 2021, ERVIN, HOOVER, and E.I. participated in a phone call in which they discussed plans to continue selling Auto Key Cards and create additional videos promoting ERVIN and his Auto Key Cards business.

y.   Beginning in late March 2021, and continuing through at least July 2021, HOOVER and E.I. operated a GoFundMe fundraiser to benefit ERVIN with the intention that funds raised would be used, in part, to obtain the release of ERVIN so that ERVIN and HOOVER could continue to pursue their conspiratorial goals.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

On or about November 14, 2020, in the Middle District of Florida, and elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one or more machinegun conversion devices each consisting of a combination of parts designed and intended for use in converting a weapon into a machinegun, constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S. Mail to a person with the initials D.S., which firearms were not then registered in the

National Firearms Registration and Transfer Record as required by 26 U.S.C.
§ 5841.

In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

### COUNT THREE

On or about November 30, 2020, in the Middle District of Florida, and
elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one
or more machinegun conversion devices each consisting of a combination of parts
designed and intended for use in converting a weapon into a machinegun,
constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.
Mail to a person with the initials J.M., which firearms were not then registered in the
National Firearms Registration and Transfer Record as required by 26 U.S.C.
§ 5841.

In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

### COUNT FOUR

On or about December 12, 2020, in the Middle District of Florida, and
elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one
or more machinegun conversion devices each consisting of a combination of parts

11

designed and intended for use in converting a weapon into a machinegun,

constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.

Mail to a person with the initials R.D., which firearms were not then registered in the

National Firearms Registration and Transfer Record as required by 26 U.S.C.

§ 5841.

In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

## COUNT FIVE

On or about December 16, 2020, in the Middle District of Florida, and

elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one

or more machinegun conversion devices each consisting of a combination of parts

designed and intended for use in converting a weapon into a machinegun,

constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.

Mail to a person with the initials S.D., which firearms were not then registered in the

National Firearms Registration and Transfer Record as required by 26 U.S.C.

§ 5841.

In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

## COUNT SIX

On or about December 23, 2020, in the Middle District of Florida, and

elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one

or more machinegun conversion devices each consisting of a combination of parts

designed and intended for use in converting a weapon into a machinegun,

constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.

Mail to a person with the initials J.A., which firearms were not then registered in the

National Firearms Registration and Transfer Record as required by 26 U.S.C. §

5841.

     In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

## COUNT SEVEN

     On or about January 17, 2021, in the Middle District of Florida, and

elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one

or more machinegun conversion devices each consisting of a combination of parts

designed and intended for use in converting a weapon into a machinegun,

constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.

Mail to a person with the initials R.W., which firearms were not then registered in

the National Firearms Registration and Transfer Record as required by 26 U.S.C. §

5841.

     In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

13

## COUNT EIGHT

On or about February 1, 2021, in the Middle District of Florida, and

elsewhere, the defendants,

KRISTOPHER JUSTINBOYER ERVIN and
MATTHEW RAYMOND HOOVER,

did knowingly transfer firearms, and aid and abet the transfer of firearms, that is, one

or more machinegun conversion devices each consisting of a combination of parts

designed and intended for use in converting a weapon into a machinegun,

constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), via the U.S.

Mail to a person with the initials A.O., which firearms were not then registered in

the National Firearms Registration and Transfer Record as required by 26 U.S.C. §

5841.

In violation of 26 U.S.C. §§ 5861(e) & 5871 and 18 U.S.C. § 2.

## COUNT NINE

On or about December 28, 2020, in the Middle District of Florida, the

defendant,

KRISTOPHER JUSTINBOYER ERVIN,

knowingly and for the purpose of evading the reporting requirements of 31 U.S.C.

§ 5313, and the regulations promulgated pursuant thereunder with respect to

currency transactions in excess of $10,000, caused and attempted to cause a domestic

financial institution to fail to file a report required under 31 U.S.C. § 5313(a), and

any regulation prescribed under any such section, specifically, by conducting the

14

following transactions, each being a cash withdrawal at a federally-insured financial institution:

| DATE | AMOUNT | CREDIT UNION |
|------|--------|--------------|
| December 28, 2020 | $9000 | Community First (Orange Park) |
| December 28, 2020 | $5000 | Community First (Fleming Island) |

In violation of 31 U.S.C. § 5324(a)(1) and (d)(1).

## COUNTS TEN THROUGH FIFTEEN

On the dates listed below, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

knowingly and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313, and the regulations promulgated pursuant thereunder with respect to currency transactions in excess of $10,000, structured, and attempted to structure, the following transactions, each being a cash withdrawal at a federally-insured financial institution:

| COUNT | DATE | AMOUNT | CREDIT UNION |
|-------|------|--------|--------------|
| TEN | December 29, 2020 | $9000 | Community First (Orange Park) |
| ELEVEN | December 30, 2020 | $9000 | Community First (Orange Park) |
| TWELVE | December 31, 2020 | $9000 | Community First (Orange Park) |
| THIRTEEN | January 2, 2021 | $9000 | Community First (Orange Park) |
| FOURTEEN | January 5, 2021 | $9000 | Community First (Orange Park) |
| FIFTEEN | January 6, 2021 | $9000 | Community First (Orange Park) |

In violation of 31 U.S.C. § 5324(a)(3) and (d)(1).

15

## COUNT SIXTEEN

On or about February 22, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess firearms, that is, machinegun conversion devices each consisting of a combination of parts designed and intended for use in converting a weapon into a machinegun, constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), which were not then registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## COUNT SEVENTEEN

On or about February 24, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess firearms, that is, machinegun conversion devices each consisting of a combination of parts designed and intended for use in converting a weapon into a machinegun, constituting machineguns as defined in 26 U.S.C. § 5845(a) and 5845(b), which were not then registered to the defendant in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

16

## COUNT EIGHTEEN

On or about March 2, 2021, in the Middle District of Florida, the defendant,

KRISTOPHER JUSTINBOYER ERVIN,

did knowingly possess firearms, that is, machinegun conversion devices each

consisting of a combination of parts designed and intended for use in converting a

weapon into a machinegun, constituting machineguns as defined in 26 U.S.C.

§ 5845(a) and 5845(b), which were not then registered to the defendant in the

National Firearms Registration and Transfer Record as required by 26 U.S.C.

§ 5841.

In violation of 26 U.S.C. §§ 5861(d) & 5871.

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference

for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d), 26 U.S.C.

§ 5872, 26 U.S.C. § 7302, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2.      Upon conviction of a conspiracy to violate 26 U.S.C. § 5861(e), in

violation of 18 U.S.C. § 371, the defendants, KRISTOPHER JUSTINBOYER

ERVIN and MATTHEW RAYMOND HOOVER, shall forfeit to the United States,

pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and

ammunition involved in the commission of the offense, pursuant to 26 U.S.C. § 5872

and 28 U.S.C. § 2461(c), any firearms involved in the violation, pursuant to 26

U.S.C. § 7302, any property intended for use or that has been used in committing the

violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft,

17

vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

3.     The allegations contained in Counts Two through Eight and are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 26 U.S.C. § 7302, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

4.     Upon conviction of a violation 26 U.S.C. § 5861, the defendants, KRISTOPHER JUSTINBOYER ERVIN and MATTHEW RAYMOND HOOVER, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, pursuant to 26 U.S.C. § 7302, any property intended for use or that has been used in committing the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

5.     The allegations contained in Counts Nine through Fifteen are incorporated by reference for the purpose of alleging forfeiture pursuant to 31 U.S.C. § 5317(c)(1)(A).

6.     Upon conviction of a violation of 31 U.S.C. § 5324, the defendant, KRISTOPHER JUSTINBOYER ERVIN, shall forfeit to the United States, pursuant

18

to 31 U.S.C. § 5317(c)(1)(A), all property, real or personal, involved in the offense and any property traceable to such property.

7.     The allegations contained in Counts Sixteen through Eighteen are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

8.     Upon conviction of a violation of 26 U.S.C. § 5861, the defendant, KRISTOPHER JUSTINBOYER ERVIN, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

9.     The property to be forfeited includes, but is not limited to, the following:

       a.     a sum of money equal to at least $68,000.00, representing the amount of funds involved in the offenses charged in Counts Eight through Fourteen; and

       b.     the sum of $3,700.00 in United States currency.

10.    If any of the property described above, as a result of any act or omission of the defendants:

       a.     cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and as incorporated by 31

U.S.C. § 5317(c).

A TRUE BILL,

_____

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____

LAURA COFER TAYLOR
Assistant United States Attorney

By: _____

FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
8/31/22 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### KRISTOPHER JUSTINBOYER ERVIN
### MATTHEW RAYMOND HOOVER

### INDICTMENT

Violations: 18 U.S.C. § 371, 26 U.S.C. §§ 5861(e) & 5871, 31 U.S.C. § 5324(a)(1) & (d)(1),
31 U.S.C. § 5324(a)(3), & 31 U.S.C.§ 5861(d)

A true bill,

███████████████

Foreperson

Filed in open court this 31st day

of August, 2022.

Clerk

Bail    $

GPO 863 525