UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:21-cr-22(S3)-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER

# GOVERNMENT'S MOTION FOR HEARING TO DETERMINE IF THERE IS A CONFLICT OF INTEREST WITH RESPECT TO COUNSEL FOR MATTHEW RAYMOND HOOVER

The United States of America moves the Court to conduct a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1972), to inquire whether counsel for defendant MATTHEW RAYMOND HOOVER have a conflict of interest.

## Background

During the trial of this case, the United States anticipates calling Erica Ibe Hoover ("Ibe"), now HOOVER's wife, to testify in its case-in-chief. The United States obtained during its investigation electronic communications between Ibe and co-defendant KRISTOPHER JUSTINBOYER ERVIN regarding, among other things, the compensation ERVIN provided for HOOVER's efforts in selling Auto Key Card machinegun conversion devices through advertisements on HOOVER's YouTube channel. Ibe—who herself was involved in the conspiracy in this case—would be called to testify regarding those communications and other aspects of the conspiracy about which she has knowledge.

The investigation has revealed that Ibe and HOOVER are in a long-term relationship and have children together, but they did not marry until July 1, 2021. On June 24, 2021, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") served Ibe with a grand jury subpoena for testimony scheduled for July 8, 2021. Subsequent investigation revealed that HOOVER and Ibe applied for a marriage license in Wisconsin on June 25, 2021, the day after service of the subpoena. They married on or about Thursday, July 1, 2021, after the expiration of the state's marriage license waiting period.

Prior to Ibe's grand jury appearance, attorneys Zachary Zermay and Matthew Larosiere—now counsel for defendant HOOVER—contacted the United States Attorney's Office, advised that they represented Ibe, and requested an extension of the subpoena return date. The United States agreed to extend the subpoena date until July 15, 2021. On that date, Ibe appeared in Jacksonville for her testimony, accompanied by attorney Larosiere. Prior to her appearance, Ibe agreed to participate in a preparatory interview with AUSA Laura Cofer Taylor and ATF Special Agents Jesse Hooker and Jason Slosson. During that interview, Ibe admitted that she and HOOVER had gotten married "because of the subpoena," at which point Larosiere interjected and stated Ibe had intended to say that her appearance had caused a scheduling issue such that the wedding was moved up. Ibe was unable to provide details on the preexisting plans to wed, and ultimately terminated the interview.

The grand jury subsequently returned the Second Superseding Indictment on January 26, 2022, which added HOOVER as a defendant in the above-captioned case. Doc. 57. Attorneys Zermay and Larosiere filed their notice of appearance as counsel for HOOVER on February 22, 2022. Doc. 73.

**Memorandum of Law**

In light of the facts and issues set forth above, the United States moves for a *Garcia* hearing to determine whether a conflict of interest exists on the part of HOOVER's counsel. The United States does so out of an abundance of caution, and to fulfill its duty to bring information related to conflicts before the Court's attention prior to trial to avoid post-conviction litigation as to whether a defendant was deprived of his Sixth Amendment right to conflict-free counsel. *See United States v. Register*, 182 F.3d 820, 833 (11th Cir. 1999).

Attorneys Zermay and Larosiere initially appeared in this case as counsel for Ibe. Larosiere attended the preparatory meeting prior to grand jury representing Ibe, during which the statements indicating the true purpose of the marriage were made. Then, after the filing of the Second Superseding Indictment, attorneys Zermay and Larosiere appeared as counsel for HOOVER. The United States raised the potential conflict of representing both a defendant and witness in the same proceeding with Magistrate Judge Richardson at the initial appearance and arraignment hearing on February 22, 2022. The Court questioned HOOVER regarding the potential conflict and found that he had "voluntarily waived the potential conflict of counsel." Doc. 74 at 2. This Motion sets forth at least one additional actual conflict, however.

Specifically, when the United States calls Ibe as a witness at trial, her former attorneys (in the same criminal matter) would have to cross-examine her, thus implicating their duties to a former client.[1] Fla. St. Bar R. 4-1.7 states that, absent informed consent by all affected parties, "a lawyer must not represent a client if . . . there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, **a former client** or a third person or by a personal interest of the lawyer" (emphasis added). The comment to this rule further states: "Loyalty to a client is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client." Fla. St. Bar R. 4-1.7 cmt.

Correspondingly, Fla. St. Bar R. 4-1.9 states:

> A lawyer who has formerly represented a client in a matter must not afterwards:
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

[1] During the hearing on September 7, 2022, attorney Zermay advised that he and Larosiere no longer represent Ibe.

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

The comment to this rule adds, "Lawyers owe confidentiality obligations to former clients, and thus information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client without the former client's consent." Fla. St. Bar R. 4-1.9 cmt.

Here, counsel for HOOVER previously represented a material witness for the United States—in this same criminal matter—and would now have to confront her at trial, cross-examine her, and potentially attempt to impeach her. Their ability to do so (and otherwise "consider, recommend, or carry out" appropriate courses of action for HOOVER) would be materially limited by their prior representation of Ibe, including, but not limited to, the inability to share or use privileged and confidential information acquired during their representation.[2] This limitation presents an actual conflict of interest affecting both HOOVER and Ibe. *See, e.g.*, *Lightbourne v. Dugger*, 829 F.2d 1012, 1023 (11th Cir. 1987) ("An attorney who cross-examines a former client inherently encounters divided loyalties."); *Lee v. State*, 690 So. 2d 664, 667-69 (Fla. Dist. Ct. App. 1997) (reversing conviction due to defendant's involuntary waiver when his attorney "had an actual conflict of interest" because he "had personally represented a primary witness against the defendant in the past and his

[2] At the hearing before Judge Richardson on February 22, 2022, attorneys Zermay and Larosiere represented to the Court that they had obtained no information from Ibe during the course of their representation of her.

office had also represented that witness about the time he was assisting law enforcement officers in their effort to obtain a confession from the defendant").[3]

Therefore, a *Garcia* hearing is necessary to determine whether a conflict of interest exists, and if so, how the defendant wishes to proceed.

> A defendant's Sixth Amendment right to effective assistance of counsel is denied when defense counsel has an actual conflict of interest that adversely affects the defendant. A defendant, however, may waive his right to conflict-free counsel. To be effective, a waiver of a constitutional right must be an intentional relinquishment or abandonment of a known right. To be valid, a waiver must be not only voluntary, but it also must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. The trial court must evaluate each potential conflict of interest that is apparent to the court. . . . A defendant may waive his right to conflict-free counsel by choosing to proceed to trial with an attorney who has an adverse conflict of interest. A waiver of the right to conflict-free counsel disposes of the need to evaluate the actual or potential ineffectiveness of

3 Ibe did not assert spousal testimonial immunity in front of the grand jury, and binding precedent would likely prevent any attempt to assert it in light of her statement that the marriage was entered into due to the grand jury subpoena. *See, e.g.*, *United States v. Mathis*, 559 F.2d 294 (5th Cir. 1977) ("It is well established than exception to the husband-wife privilege exists if the trial judge determine that the marriage is a fraud.") (citing *Lutwak v. United States*, 344 U.S. 604 (1953)); *see also United States v. Apodaca*, 522 F.2d 568, 570-71 (10th Cir. 1975) (affirming district court's ruling that the testimonial privilege could not be asserted where the witness married the defendant shortly before trial "for the purpose of preventing the government from producing a material witness"); *United States v. Saniti*, 604 F.2d 603, 604 n.1 (9th Cir. 1979) (affirming district court's ruling that the marital testimonial privilege is not available when the marriage was entered into for the purpose of invoking the privilege). However, this issue does raise another less pressing potential conflict: in the event Ibe did attempt to litigate her ability to assert the testimonial privilege, her statements during the July 15, 2021 interview would be a key factual issue. Thus, Ibe (potentially advised by new counsel) may attempt to call attorney Larosiere, her former counsel, as a fact witness, thus implicating Fla. St. Bar R. 4-3.7.

> counsel caused by the alleged conflicts of interest. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the [defendant]. A proper waiver must be established by clear, unequivocal, and unambiguous language. In order for a waiver to be valid the record must show that [1] the defendant was aware of the conflict of interest; [2] realized the conflict could affect the defense; and [3] knew of the right to obtain other counsel.

*McCorkle v. United States*, 325 F. App'x 804, 807 (11th Cir. 2009) (citations and internal quotation marks omitted). Because this matter relates to a former client as well, a separate duty of loyalty owed to a third party is also implicated.

WHEREFORE, the United States of America moves the Court to conduct a *Garcia* hearing to determine whether a conflict of interest exists, and if so, how the defendant wishes to proceed.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By *s/ David B. Mesrobian*

DAVID B. MESROBIAN
Assistant United States Attorney
USA No. 188
E-mail: david.mesrobian@usdoj.gov

LAURA COFER TAYLOR
Assistant United States Attorney
USA No. 170
E-mail: Laura.C.Taylor@usdoj.gov

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Zachary Zermay
Matthew Larosiere
*Counsel for defendant Matthew Raymond Hoover*

Alex King
*Counsel for defendant Kristopher Justinboyer Ervin*

_*s/ David B. Mesrobian*___________
DAVID B. MESROBIAN
Assistant United States Attorney