UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 3:21-cr-22-MMH-MCR

KRISTOPHER JUSTINBOYER ERVIN
MATTHEW RAYMOND HOOVER
_____/

## ORDER

**THIS CAUSE** is before the Court on the Government's Motion for Hearing to Determine if there is a Conflict of Interest with Respect to Counsel for Matthew Raymond Hoover (Doc. 137), and defense counsel's Response thereto (Doc. 155.)  Pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1972), the Court held a hearing on November 17, 2022, which was continued to December 13, 2022.[1]  The Court, having made inquiry of Mr. Hoover, finds that he has knowingly, intentionally, and freely waived his right to effective assistance of counsel.  Similarly, having made inquiry of Mrs. Hoover, the Court finds that she knowingly, intentionally, and freely waived any attorney-client privilege with her former counsel.  For the

---

[1] The December 13, 2022 hearing was held to conduct a formal inquiry as to Mrs. Hoover's intentions regarding her waiver of attorney-client privilege with her former counsel.

reasons stated on the record, and memorialized herein, the Court accepts Defendant Hoover's and Mrs. Hoover's waivers.

Through its Motion, the Government sought to inform the Court of a conflict of interest resulting from Defendant Hoover, his wife, and his counsel. Specifically, Hoover's current counsel, Mr. Larosiere and Mr. Zermay, formerly represented his wife, Erica Ibe Hoover, in the grand jury proceedings in this case. Although Mrs. Hoover has not been indicted, the Government submits that she was involved in the alleged conspiracy, and that the Government intends on calling her as a witness during trial. As such, Defendant Hoover's Sixth Amendment right to effective assistance of counsel is jeopardized due to his attorney's potential inability to zealously cross-examine Mrs. Hoover at trial. Mrs. Hoover's attorney-client privileges and spousal testimonial immunity are also in jeopardy.

Appreciating the risks of waiving effective assistance of counsel, attorney-client privilege, and implications of the Professional Rules of Conduct, the Court appointed separate counsel for Mrs. Hoover for the purpose of informing her of her rights and determining whether she knowingly and voluntary waived attorney-client privilege.

"A conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties. This question is highly fact-sensitive." *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005). An

attorney's former representation of a government witness on a substantially related matter can create the potential for a serious conflict of interest warranting disqualification since the attorney may be limited in impeaching a former client or attacking his credibility on summation without becoming an unsworn witness. *United States v. Pizzonia*, 415 F. Supp. 2d 168, 177 (E.D.N.Y. 2006). However, there is a presumption in favor of a defendant's choice of counsel. *Wheat v. United States*, 486 U.S. 153, 163 (1988).

Here, there is a clear conflict of interest. Nonetheless, the Government has not moved to disqualify Defendant Hoover's counsel in this matter, and as plainly stated on the record, Defendant Hoover wishes to waive his right to effective assistance of counsel regarding his attorneys' former representation of his wife. Likewise, Mrs. Hoover, being well-informed by independent counsel, knowingly and voluntarily waives any attorney-client privileges resulting from Mr. Larosiere and Mr. Zermay's representation during the grand jury proceedings. Therefore, the Court accepts Defendant Hoover's and Mrs. Hoover's waivers at this time.

**DONE AND ORDERED** at Jacksonville, Florida, on December 21, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

3

Copies to:

Counsel of Record