UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE № 3:21-cr22(S2)-MMH-MCR

UNITED STATES OF AMERICA,

v.

MATTHEW RAYMOND HOOVER,

_____/

## MR. HOOVER'S PROPOSED JURY INSTRUCTIONS

Defendant Matthew R. Hoover, by and through their undersigned counsel, hereby request the following jury instructions be given during the Court's charge at the end of the trial of this case.

Respectfully submitted,

DATED:  April 3, 2023

*/s/Zachary Z. Zermay*
Zachary Z. Zermay, Esq.
1762 Windward Way
Sanibel, FL 33957
Email: zach@zermaylaw.com
Telephone: 239-699-3107
*Lead Counsel for Defendant*

*/s/Matthew Larosiere*
Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  April 3, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Zachary Z. Zermay*
Zachary Z. Zermay, Esq.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No:      3:21-cr-00022-MMH-MCR

KRISTOPHER ERVIN
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this

case. After I have completed these instructions, you will go to the jury room and begin

your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to

find the Defendant guilty beyond a reasonable doubt.

## Preliminary Instructions – Criminal Cases

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect

evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the

question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

• The reasonableness of the witness's testimony in light of all the evidence; and

• Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his] [her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only

jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some

reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Separate consideration for each defendant</u>:

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to a particular defendant and disregard any evidence admitted solely against some other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B2.1**
## The Duty to Follow Instructions And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2**
## The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.1**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**B6.3**
## Impeachment of Witnesses Because of Inconsistent Statements (Defendant with No Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B8**
**Introduction to Offense Instructions**

The indictment charges twelve separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to transfer unregistered machinegun conversion devices.

Counts two through eight charge that Defendants committed what are called "substantive offenses," specifically counts two through eight charge that the Defendants transferred unregistered machinegun conversion devices to certain individuals. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

Count Nine charges Mr. Ervin with Knowingly evading a currency transaction reporting requirement by structuring the transaction.

Counts Ten through Twelve charges Mr. Ervin with possession of unregistered machinegun conversion devices on specific dates.

**B8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## O13.1
## General Conspiracy Charge
## 18 U.S.C. § 371

It is a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together <u>all</u> the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

## Defendant's Proposed Limiting Instruction

The Government has had agents of the United States testify as to certain laws and regulations pertaining to firearms. You may not use this evidence as proof that the Auto Key Card, or any other item, is a firearm under the law, or that it would be subject to any of the regulations testified about by the Government's witnesses. Whether or not the items at the core of this case are firearms under the law is for you, and only you, to decide. The testimony you hear relating to firearm regulations may be used only to supplement your background knowledge of the field, not as proof that any item in particular is, or is not, subject to those regulations.

Further, the Government's witnesses may refer to certain items as "firearms," "machineguns," or otherwise. You may not use this testimony as proof that any item in particular is, or is not, a firearm under the law. Neither the Government, the Government's witnesses, nor the attorneys are the arbiters of whether or not a particular item meets the definition of a firearm under the law. That is for you, the jury, to decide. You may only rely upon the text of the law itself in assessing whether or not a particular item is a firearm under the law.

## Transfer of Unregistered Firearm (non-standard)
## 26 U.S.C. § 5861(e)

It is a Federal crime for anyone to transfer certain kinds of firearms that are not properly registered to him or her in the National Firearms Registration and Transfer Record.

A "firearm" is a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.[1]

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transferred a firearm; and

(2) the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt that the Defendant knew about the specific characteristics or features of

---

[1] Mr. Ervin would request the definition provided in his response (Doc. 213) to the Government's Motion *in Limine* Doc. 189.  For appellate purposes, Mr. Ervin is not waiving his objection, but provides this instruction in light of the Court's ruling on the matter.  <u>See</u> Doc. 223.

the firearm that made it subject to registration, namely that it was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

However, if you find that the Defendant transferred a singular part, rather than a combination of parts, or no "parts", you should find the Defendant not guilty.

## O112
## Evading a Currency-Transaction Reporting Requirement
## by Structuring Transaction
## 31 U.S.C. § 5324(a)(3)

It is a Federal crime under certain circumstances for anyone to knowingly evade a currency-transaction reporting requirement.

Domestic financial institutions and banks (with specific exceptions) must file currency-transaction reports with the Government. They must list all deposits, withdrawals, transfers, or payments involving more than $10,000 in cash or currency.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly structured or helped to structure a currency transaction;

(2) the purpose of the structured transaction was to evade the transaction-reporting requirements; and

(3) the structured transaction involved one or more domestic financial institutions.

To "structure" a transaction means to deposit, withdraw, or otherwise participate in transferring a total of more than $10,000 in cash or currency using a financial institution or bank by intentionally setting up or arranging a series of separate transactions, each one involving less

than $10,000, in order to evade the currency-reporting requirement that would have applied if fewer transactions had been made.

## O106.1
## Possession of Unregistered Firearm (modified)
## 26 U.S.C. § 5861(d)

It is a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" is aa combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.[2]

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed a firearm; [and]

(2) the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record[.] [; and]

[(3) the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.]

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered. The Government only has to prove beyond a reasonable doubt

---

[2] Defendant would request the definition provided in his response (Doc. 213) to the Government's Motion *in Limine* Doc. 189.  For appellate purposes, Mr. Ervin is not waiving his objection, but provides this instruction in light of the Court's ruling on the matter.  <u>See</u> Doc. 223.

that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely that it is was a combination of parts designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

However, if you find that the Defendant transferred a singular part, rather than a combination of parts, or that no "parts" were transferred, you should find the Defendant not guilty.

**S5**
**Note-taking**

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.