UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-22(S4)-MMH-MCR

MATTHEW RAYMOND HOOVER

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT HOOVER'S MOTION FOR BILL OF PARTICULARS**

Trial in this matter has been set to commence with jury selection on April 10, 2023. Doc. 169. On March 14, 2023, the grand jury returned a Fourth Superseding Indictment that made changes to certain counts (the structuring counts), with which defendant Hoover is not charged. *Compare* Doc. 120 (Third Superseding Indictment) *with* Doc. 204 (Fourth Superseding Indictment). On March 28, 2023, defendant filed the instant motion for a bill of particulars (Doc. 220) and this Court ordered a response (Doc. 221).

Previously, defendant filed two motions to dismiss the Third Superseding Indictment in which he asserted his argument that the charges against him were legally insufficient. *See* Docs. 132 & 133. This Court ruled that the allegation in the Third Superseding Indictment

> that the Auto Key Cards "into which were etched the design for machinegun conversion devices . . . constituted machineguns as defined in 26 U.S.C. § 5845(a) and § 5845(b) in that they are a combination of parts designed and intended for use in converting a weapon into a machinegun"

was "sufficient."  Doc. 141 at 16 (quoting Third Superseding Indictment at 2). Furthermore, defendant asserted in his motion the same argument that he now rehashes – that, in his view, the Auto Key Card was "at best . . . a single part" and not "parts."  Doc. 220; Doc. 141 at 19 (addressing "Hoover's contention that the Government has 'conclusively demonstrated that the Auto Key Cards are not machinegun conversion devices as a matter of law because as pled in the Indictment, the Auto Key Card is not a 'part' or 'combination of parts'").

Defendant is not in any state of confusion about what parts he is alleged to have illegally dealt in.  Rather, defendant is reasserting his already-rejected argument from his motion to dismiss – except with a new characterization as being an argument for a "bill of particulars."  The Fourth Superseding Indictment itself is abundantly clear, and if it were not, defendant also has the benefit of all of the discovery in this case as well as the government's briefings as part of the extensive pre-trial litigation concerning these matters.  His motion is due to be denied.

## **CONCLUSION**

This Court should deny the Motion.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:    *s/ Laura Cofer Taylor*
        LAURA COFER TAYLOR
        Assistant United States Attorney
        USA No. 170
        E-mail: Laura.C.Taylor@usdoj.gov

        DAVID B. MESROBIAN
        Assistant United States Attorney
        USA No. 188
        E-mail: David.Mesrobian@usdoj.gov

        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone: (904) 301-6300
        Facsimile: (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Zachary Zermay
>Matthew Larosiere
>*Counsel for defendant Matthew Raymond Hoover*
>
>Alex King
>*Counsel for defendant Kristopher Justinboyer Ervin*

>*s/ Laura Cofer Taylor*
>LAURA COFER TAYLOR
>Assistant United States Attorney