UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:21-cr-22-MMH-MCR

MATTHEW RAYMOND HOOVER
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Bill of

Particulars ("Motion") (Doc. 220) and United States' Response in Opposition

thereto ("Response") (Doc. 236).  For the reasons stated herein, the Motion is

due to be **DENIED**.

### I.      The Parties' Positions

Defendant moves for an order, pursuant to Rule 7(f) of the Federal

Rules of Criminal Procedure, requiring the Government to provide "a list of

all the 'parts' that the Government contends that Defendants combined that

were designed and intended for use in converting a weapon into a

machinegun."  (Doc. 220 at 1.)  Defendant explains:

> As indicted, the crux of the Government's case is that
> Defendant allegedly ran afoul [of] 26 U.S. Code § 5845(b) by way
> of transferring a "combination of parts designed and intended, for
> use in converting a weapon into a machinegun[.]"
> . . .
> Despite dumping several terabytes of data on Defendant on
> the eve of trial—along with another Indictment—the Government
> has yet to identify the parts at issue, as opposed to what can—at

best—be a single part (the AutoKeyCard a piece of stainless steel
into which was etched the alleged "design for machinegun
conversion devices").

(*Id.* at 2.)

The Government responds that Defendant's Motion should be denied.
(Doc. 236 at 2.)  The Government argues that the Motion is due to be denied
because it is an attempt by the Defendant to rehash an argument already
asserted in a previous unsuccessful Motion to Dismiss. (*Id.*) The Government
further argues that the "Fourth Superseding Indictment itself is abundantly
clear, and if it were not, [D]efendant also has the benefit of all of the
discovery in this case as well as the [G]overnment's briefings as part of the
extensive pre-trial litigation concerning these matters." (*Id.*)

## II.    Standard

Pursuant to Rule 7(f) of the Federal Rules of Criminal procedure, a
district "court may direct the government to file a bill of particulars."
Fed.R.Crim.P. 7(f).  A "defendant may move for a bill of particulars before or
within 14 days after arraignment or at a later time if the court permits." *Id.*
The district court has "very broad discretion in ruling upon [such] requests."
*Will v. United States*, 389 U.S. 90, 99 (1967); *see also United States v. Burgin*,
621 F.2d 1352, 1358 (5th Cir. 1980)[1] ("A defendant possesses no right to a bill

---

[1] All Fifth Circuit decisions entered before October 1, 1981 were adopted by
the Eleventh Circuit as binding precedent.  *Bonner v. Prichard*, 661 F.2d 1206, 1209

of particulars and the decision on the motion lies within the discretion of the court.").

"The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted).  A bill of particulars "supplements an indictment by providing the defendant with information *necessary* for trial preparation."  *Id.* (emphasis in original).  "It is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."  *Burgin*, 621 F.2d at 1359.  Thus, generalized discovery is not a proper purpose for seeking a bill of particulars.  *Anderson*, 799 F.2d at 1441.

### III.   Analysis

The undersigned agrees with the Government that the present Motion is due to be denied. The information provided in the Indictment sufficiently apprises Defendant of the charge against him to allow him to prepare his defense.  *See United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (per curiam) ("An indictment . . . is sufficient for constitutional purposes if it

_____

(11th Cir. 1981) (en banc).

articulates in statutory language the elements of the [alleged] violation."); *United States v. Cole*, 755 F.2d 748, 760-61 (11th Cir. 1985) (affirming the district court's refusal to grant a bill of particulars where the superseding indictment "tracked the language of the statutes involved and adequately informed [defendants] of the charges pending against them"; as such, defendants did not show that the government's failure to provide a bill of particulars resulted in surprise or prejudice at trial).

As Defendant has been informed of the charge brought against him with sufficient precision to allow him to prepare his defense, he has not shown that the information sought is necessary for trial preparation, to avoid surprise, or for the purpose of asserting the defense of double jeopardy should the Government endeavor to prosecute him again for the same conduct. *See United States v. Marcus*, 193 F. Supp. 2d 552, 561-62 (E.D.N.Y. 2001) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case.") (internal citations and quotation marks omitted).

Based on the foregoing, the Court will exercise its discretion to deny Defendant's Motion.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 220**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on April 6, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

5