UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   Case No.: 3:21-cr-22(S4)-MMH-MCR

MATTHEW RAYMOND HOOVER
_____

### ORDER

Before the Court is Defendant Matthew Raymond Hoover's Pro Se Motion for Compassionate Release (Dkt. No. 354; Motion). In the Motion, Hoover seeks a reduction of his sentence "pursuant to the First Step Act, 18 USC 3582(c)(1)(A), applicable guideline policy statements of USSG 1.B1.13, Amendment 821 to the guidelines, and due process [sic] of the Fifth Amendment." Motion at 1. The United States has filed a response in opposition to the Motion, see Government's Response in Opposition to Defendant's Motion for Compassionate Release (Dkt. No. 355; Response), a supplement to its response, see Supplement to Government's Response in Opposition to Defendant's Motion for Compassionate Release (Dkt. No. 356; Supplement), and medical records in support of its position, see Sealed Exhibit 1 (Dkt. No. 359). The Court will separately address each basis for relief identified in the Motion.

1

The Court turns first to Hoover's request for compassionate release. In support of this request, Hoover asserts "[t]he extended length of Matthew's sentence, in combination with his evident rehabilitation, low expectation of recidivism, and recent amendments to sentencing guidelines, constitute those EXTRAORDINARY AND COMPELLING REASONS that warrant a reduction." Motion at 1. Additionally, Hoover requests consideration based upon a "Terminal Medical Condition." Motion, Ex. 1.

Hoover is a 41-year-old inmate incarcerated at Thompson FCI who is projected to be released on December 10, 2026. See Bureau of Prisons Inmate Locator at https://www.bop/gov/inmateloc/ (last accessed on May 12, 2025). On September 14, 2023, the Court sentenced Hoover to 60 months' imprisonment after a jury convicted him of conspiracy to transfer unregistered firearms and four counts of transferring unregistered firearms. See Jury Verdict (Dkt. No. 264); Judgment (Dkt. No. 327). Notably, in the Motion, Hoover provides no elaboration on the factual basis of his request for compassionate release. Having reviewed the Motion, Response, Supplement, and the record as a whole, the Court finds that Hoover is not eligible for compassionate release.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]  The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1249 (11th Cir. 2021), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023).  A movant for compassionate release must establish that a reduction in sentence is warranted.  United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352,

---

[1] As noted by the United States, Hoover does not appear to have completed the requisite exhaustion process before filing the Motion.  Response at 4.  Ordinarily, the Court would deny the Motion without prejudice on that basis and allow Hoover to seek relief after exhausting his administrative rights.  But, because the Motion is due to be denied on the merits, the Court addresses the merits and denies the Motion.

3

1356 (11th Cir. 2014)).² And, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

Under U.S.S.G § 1B1.13, extraordinary and compelling reasons that may render a defendant eligible for a sentence reduction include: (1) medical

---

² The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

circumstances of the defendant; (2) advanced age plus length of the term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years of imprisonment and a change in the law would produce a gross disparity between the defendant's sentence likely to be imposed at the time the motion is filed. See U.S.S.G § 1B1.13(b)(1)-(6). However, even if the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. Tinker, 14 F.4th at 1237.

Hoover contends that his "Terminal Medical Condition" constitutes an "extraordinary and compelling" reason warranting compassionate release. See generally Motion. To state a cognizable basis for a sentence reduction based on a medical condition, a defendant must first establish that he suffers from a condition that falls within one of the categories listed in U.S.S.G. § 1B1.13. See United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021) (noting that

5

"extraordinary and compelling reasons" are limited to those set forth in § 1B1.13). Section 1B1.13(b)(1) provides extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(B)** The defendant is--
>
>> **(i)** suffering from a serious physical or medical condition,
>>
>> **(ii)** suffering from a serious functional or cognitive impairment, or
>>
>> **(iii)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)-(C). Notably, Hoover provides no evidence in support of his contention that he has a terminal medical condition. Moreover, both the Presentence Investigation Report (Dkt. No. 314) and the medical records provided by the United States contradict this contention. See Supplement. Thus, Hoover has failed to show that he suffers from a medical

condition that would constitute an "extraordinary and compelling" reason under § 1B1.13(b)(1).

Hoover also suggests that compassionate release is warranted because, in light of intervening changes in the law, the sentence imposed on him is unusually long when compared to the sentence he would receive if sentenced today. See Motion at 1. In doing so, he identifies Amendment 821 to the United States Sentencing Guidelines as the retroactive change in law that produces a gross disparity between the sentence imposed on him and the sentence he would receive today. This argument fails, however, because Hoover is not eligible for relief pursuant to Amendment 821. Although Hoover is a zero point offender, potentially eligible for relief under Amendment 821, he is precluded from obtaining a reduction of his offense level because his offense of conviction involved the transfer of firearms. See U.S.S.G. § 4C1.1 (providing for a reduction in a defendant's offense level if "the defendant did not possess . . . transfer, sell or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense"). As such, Hoover would face the same guideline range if sentenced today as he faced in 2023. Thus, his unusually long sentence contention is without merit.[3]

---

[3] The contention further fails because the sentence the Court imposed on Hoover, 60 months, was significantly below the advisory guideline range of 121-151

To the extent Hoover relies independently on Amendment 821, his request fails. Amendment 821 to the United States Sentencing Guidelines is a retroactive guidelines amendment, see U.S.S.G. § 1B1.10(d) (2023); U.S.S.G. App. C. Amend. 825 (effective Nov. 1, 2023, making Amendment 821 retroactively applicable), pursuant to which a court is authorized to reduce a defendant's sentence, see 18 U.S.C. § 3582(c)(2). But, as explained above, application of Amendment 821 does not alter the applicable guidelines range for Hoover's conviction. Where a retroactive guideline amendment "does not alter the sentencing range upon which [a defendant's] sentence was based, [18 U.S.C.] § 3582(c)(2) does not authorize a reduction in sentence." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); see also U.S.S.G. §1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not permitted if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

Finally, to the extent Hoover invokes the due process [sic] of the Fifth Amendment as a basis for a reduction of his sentence, he fails to cite any authority in support of his contention. And the Court is aware of no such independent authority.

---

months. Moreover, he has not served "at least 10 years of imprisonment." U.S.S.G. § 1B1.13(b)(6).

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Compassionate Release (Dkt. No. 354) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of May, 2025.

_____
**MARCIA MORALES HOWARD**
United States District Judge

ja
Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant